MURIEL R. JACOBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 7490-78.
United States Tax Court
T.C. Memo 1980-308; 1980 Tax Ct. Memo LEXIS 282; 40 T.C.M. (CCH) 949; T.C.M. (RIA) 80308; August 11, 1980, Filed Muriel R. Jacobs, pro se. Thomas N. Thompson, for the respondent. SCOTT
MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the calendar years 1974, 1975, and 1976 in the amounts of $1,169.75, $1,609.09, and $1,423.95, respectively. Respondent also determined additions to tax under section 6653(a), I.R.C. 1954, [1] for the calendar years 1974 and 1975 in the amounts of $58.49 and $80.45, respectively, and under section 6653(b) for the calendar year 1976 in the amount of $711.98. One of the issues raised by the pleadings was conceded by respondent on brief, leaving for decision: (1) whether petitioner is entitled to deductions for a theft or casualty loss in each of the years 1974, 1975, and 1976; (2) whether petitioner is liable for an addition to tax for fraud in 1976; and (3) whether petitioner is liable for an addition to tax for negligence in each of the years 1974 and 1975. *284 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Muriel R. Jacobs, who resided in Roy, Utah, at the time of filing her petition in this case, filed Federal income tax returns for the calendar years 1974, 1975, and 1976 with the Internal Revenue Service Center in Ogden, Utah. Petitioner during the years 1974 through 1976 worked as a clerk at the Internal Revenue Service Center in Ogden, Uath. In 1955, petitioner and her husband, Clarence C. Jacobs, entered into a real estate transaction whereby they purchased a tract of land 130 feet by 654 feet on which was situated a home in the town of Roy, Utah. Petitioner and her husband acquired the land by two warranty deeds. The purchase price of the property was $10,500 of which $2,100 was allocated to the land and $8,400 to the improvement. The square footage of the land purchased by petitioner and her former husband was $85,020 resulting in a land cost of $.0247 per square foot. In 1963, petitioner and her husband, at the request of an adjoining landowner, quitclaimed 5 feet of the northern part of their land to an adjoining landowner in exchange for 5.9 feet of land adjoining *285 the southern boundary of their property. Petitioner and her husband had the property surveyed and thereafter sued in the District Court for Weber County, Utah, to rescind the quitclaim deeds because of fraud or misrepresentation. In 1965, the Weber County District Court found no false representations had been made to induce the transfers and that there had been adequate consideration for the quitclaim deeds and therefore entered judgment against petitioner and her husband. [2]
The City of Roy on July 7, 1971, petitioned the Weber County District Court for immediate occupancy of a 30-foot by 130.9-foot portion of petitioner's property under a condemnation action by the city. The cost to petitioner of the condemned land was $98 (3,927 square feet times $.0247). Petitioner vigorously contested the legality of the condemnation. In connection with the condemnation proceeding on petitioner's property, the City of *286 Roy hired an appraiser, Mr. Wilbur P. Cook, to appraise the portion of the property being condemned. On March 18, 1970, Mr. Cook determined that the portion of the property being condemned was worth $885. In July of 1971 Mr. Cook increased the appraisal of the property to $1,000. In a jury trial concerning the condemnation of the 30-foot by 130.9-foot portion of petitioner's property, she testified that in her opinion the portion condemned was worth $2,500. The jury on July 25, 1972, determined that the condemned land was worth $1,000. On August 11, 1972, the Weber County Second District Court entered judgment condemning the land was awarded petitioner and her husband $1,000 compensation, which was paid to them and deposited in her husband's savings account. Petitioner on July 2, 1973, filed a complaint seeking a divorce from Clarence C. Jacobs in the District Court of David County, Utah. In that complaint, petitioner alleged that the value of the entire property petitioner and her husband owned in the City of Roy was $15,000 to $20,000. The court entered a decree dated April 30, 1974, granting petitioner a divorce. In that decree the court found that the value of the property *287 was $15,000 to $16,000. On her Federal income tax return for the calendar year 1972 petitioner did not report any gain with respect to the $1,000 and made no election under section 1033 to postpone recognition of gain on the condemned property. On her Federal income tax return for each of the calendar years 1974, 1975, and 1976, petitioner claimed casualty or theft losses on Schedules A and B in the amounts of $68,072.69, $69,102.07, and $89,456.74, respectively. Respondent in his notice of deficiency denied petitioner's claimed deduction for casualty or theft loss in each of the years 1974, 1975, and 1976 with the following explanation: Casualty Loss It was determined that no theft loss was sustained in 1974, 1975, or 1976 on the real property which was disposed of in 1971 pursuant to a condemnation action taken by the City of Roy. Accordingly, taxable income has been increased by $68,183.25, $69,102.07 and $89,456.74 for 1974, 1975, and 1976 respectively. In his notice respondent determined an addition to tax for negligence under section 6653(a) for each of the years 1974 and 1975 and an addition to tax for fraud under section 6653(b) for the year 1976 with the following *288 explanations: It is determined that part of the underpayment of tax for the years ended December 31, 1974, and December 31, 1975, is due to negligence or intentional disregard of rules and regulations. Consequently, the five percent addition to the tax is asserted for these years, as provided by Section 6653(a) of the Internal Revenue Code. It is determined that all or part of the underpayment of tax for the taxable year ending December 31, 1976, is due to fraud. Consequently, the 50 percentum addition to the tax, provided by Section 6653(b) of the Internal Revenue Code of 1954 is computed as follows: * * * OPINION Petitioner claims that the 1972 condemnation of her property by the City of Roy was illegal and therefore was a theft. From petitioner's testimony it appears that she planned to subdivide her property into a number of lots and sell the lots at a profit. She testified that because of the taking of 30 feet of her property by the City of Roy she cannot subdivide her property and therefore has suffered a loss. Petitioner's position is without merit. The record shows that petitioner contested the taking of her property *289 in the District Court of Weber County, Utah, and that court upheld the condemnation. Therefore, petitioner has failed to show any theft of her property. However, even if a theft had occurred, no loss would have resulted from the 1972 condemnation. Section 165(a) allows a deduction for losses sustained during the taxable year which are not compensated for by insurance or otherwise. Section 165(b) provides that the amount of the loss deduction under section 165(a) is measured by reference to the adjusted basis of the property as determined under section 1011. [3] The adjusted basis under section 1011 of the condemned portion of petitioner's property was $98. Therefore, petitioner had a gain of $902 upon the condemnation of the property rather than a loss. What petitioner is claiming is a loss of what she considered a potential gain from the property at some future date. If in fact petitioner was deprived of any such potential gain, the result is not a "loss" which is deductible under section 165. A loss under section 165 results only from a closed transaction. The only closed transaction with respect to the 30-foot by 130.9-foot portion of petitioner's property occurred in 1972 *290 when the property was condemned and that transaction resulted in a gain. The second question is whether petitioner is liable for the addition to tax for fraud under section 6653(b)[4] for the year 1976. Petitioner had a case before this Court for the taxable years 1972 and 1973. [5] In that case we found that petitioner had claimed a theft loss deduction on her return for each of the years 1972 and 1973 in the amounts of $45,815 and $66,815, respectively, resulting from the condemnation of a portion of her property in 1972. We found in that case that she had claimed the loss on her 1972 return expecting to be audited and had also requested that her 1973 return be audited. We also found that on December 3, 1973, petitioner met with the *291 inspector in charge of the Internal Security Division of the Internal Revenue Service for the Western Region in Ogden, Utah, at the inspector's office.During the meeting, petitioner alleged that her property, which she valued at $2,500, had been taken through an illegal conspiracy between the Church of the Latter Day Saints and the City of Roy. At a later meeting on January 15, 1974, the inspector advised petitioner that he had recommended to the district director of the Internal Revenue Service, Salt Lake City, Utah, that her 1972 return be audited because of the claimed $45,815 theft loss in light of her statement that the property was worth $2,500. We found that petitioner was pleased by this and admitted that she had intentionally claimed an excessive theft loss so that it would draw the attention of the Internal Revenue Service to the alleged conspiracy.
*292 In that case we held that petitioner was not entitled to theft loss deductions in 1972 or 1973 because she had realized no loss on the condemnation of her property but had in fact realized a gain. We further concluded in that case that petitioner had proven no other theft loss. We further held that respondent had not proven fraud by clear and convincing evidence as required by section 6653(b) because the element of intent to evade a tax had not been established.[6]
This record shows that petitioner received and read the prior memorandum opinion, but believed it was not final because she had intended *293 to file an appeal from the decision and thought she had done so. This record shows that petitioner was convinced, although without rational basis, that her property was in effect stolen by the City of Roy and that she should receive help from the Federal Government, particularly the Internal Revenue Service, in establishing this fact. On her return for 1976 the basis on which she claims the theft loss deduction is clearly shown. Neither the way in which petitioner showed the claimed deduction on her return nor any evidence introduced at the trial clearly shows an intent on the part of petitioner to evade tax. On the basis of this record we hold that petitioner is not liable for the addition to tax for fraud under section 6653(b) for the year 1976. The final issue is whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations for 1974 and 1975. The record shows that petitioner took the theft loss deductions on her 1974 and 1975 returns after the condemnation proceedings were closed. She knew that she had claimed similar deductions in 1972 and 1973 which were being questioned. Petitioner has made no showing that she *294 did not intentionally disregard rules and regulations in claiming the theft loss deductions. The record indicates that in fact she did take the deductions with intentional disregard of rules and regulations. We therefore sustain respondent's determination of the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a) for each of the years 1974 and 1975. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the years in issue.↩
2. In a previous case involving petitioner, we held that the petitioner and her husband realized no capital loss under sec. 165 as a result of the above-mentioned quitclaim transfer in 1962.See Muriel R. Jacobs and Clarence C. Jacobs, T.C. Summary Opinion 1971-22.↩
3. Sec. 165(a) and (b) read as follows: (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction.--For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property.↩
4. Sec. 6653(b) reads as follows: (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). in the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. ↩
5. Jacobs v. Commissioner,T.C. Memo. 1977-1, 36 TCM 1↩, 46 P-H Memo, T.C. par. 77,001.
6. In Jacobs v. Commissioner,T.C. Memo. 1977-1, 36 TCM 1, 6, 46 P-H Memo. T.C. par. 77,001, we stated: At some point in time a refusal to accept determinations made by properly sanctioned authorities, specifically that petitioner's property was not↩ illegally taken, can be objectively viewed in only one way--that no reasonable person could truly hold a contrary belief and thus that petitioner does not actually believe to the contrary but simply continues to adopt a self-serving position. Under such circumstances a finding of fraud would be justified. * * *